ORDER FOLLOWING EVICTION HEARING
JENNY LEE KRONK, LTBB Associate Judge.
On August 24, 2011, the Plaintiff, Little Traverse Bay Bands of Odawa Indians (LTBB) Housing Department, filed a Summons and Complaint for Eviction against its tenant, Carol King, Defendant. On September 26, 2011, the Plaintiff filed a Motion for a Default Judgment. The Honorable Jenny Lee Kronk, the LTBB Associate Judge, presided at a motion healing held on November 8, 2011. Michael Lyons, LTBB Housing Department Assistant, and the Plaintiff testified at the hearing.
Findings of Fact
Mr. Lyons testified to the Defendant’s payment of rent history and reported that the Defendant will owe a total of $1,102.28 for rent, utilities, and late fees by the next day. He reported that the Defendant made payments on March 5, June 5, and September 13, 2011. He said the LTBB Housing Department sent several Notices to Quit to the Defendant during the past year, including a final one and A Notice of Termination to the Defendant on August 10, 2011. A copy of the Defendant’s lease (Exhibit # 1), several notices to quit (Exhibits #2, #3, #4, #5, and #6), and a notice of termination of the lease (Exhibit # 7) were entered into the record.
Ms. King testified that she was laid off from her job in May for medical reasons and can’t work. She also entered into the record a letter (Exhibit #8) from Car-iAnne Jeffers-Weisel, PA-C, MS at the LTBB Min-Amskiki-Gumik Medical Center which indicated that the Defendant suffers from chronic pain syndrome and depression and that her conditions are currently managed by the clinic. Ms. Jef-fers-Weisel indicated that the Defendant has recently been referred to a pain specialist and continues to remain unable to work.
Ms. King reported that she has made arrangements for the Salvation Army and her daughters to help her pay her current arrearages. The daughters have agreed to pay her rent in the future.
Conclusions of Law
The Plaintiff points out that this eviction action is governed by the Waganakising Odawak Statute 2000-04, Eviction Code of the Little Traverse Bay Bands of Odawa Indians Tribe (WOS 2000-04). The Court *322 agrees. The Plaintiff filed a summons and complaint[1] and proof of service pursuant to WOS 2000-04 § 11(B)(2).[2] However, the Plaintiff provided no proof of service for the notices to vacate or the notice of termination of the lease. The WOS 2000-04 § C, Procedures for Service of Notice, sets forth the procedures for notice in eviction cases:
Notices required or authorized in the immediately preceding section shall be given in accordance with established Tribal Court rules and procedures or policies of LTBB’s Designated Homing Department or Entity. In the absence of such rules and procedures, notices shall be given in writing by either:
1. Delivering a copy personally to the Tenant or occupier or to any adult members of his or her family residing on the Leased or Mortgaged property; or
2. Posting said notice in a conspicuous place near the entrance to said property, and by sending an additional copy to the Tenant or occupier by certified mail, return receipt, properly addressed, postage prepaid,
3. Proof of service by either of the above methods may be made by affidavit of any adult person stating that he or she has complied fully with the requirements of either of these two methods of service.
The August 10, 2011 Notification to Vacate the Premises and August 10, 2011 Notice of Termination of Lease included a certified mail receipt number but there was no indication that the Notice to Vacate and Notice of Termination had been posted in a conspicuous place near the entrance of the Defendant’s unit. (See, Exhibits # 6 and # 7). Further, a return card with the Defendant’s signature indicating that the she had received the notices was not entered into the record or an affidavit that the notice requirements of the statute had been followed. The Tribal Court has no rules governing the procedure for service of notices to quit or notices to terminate a lease in eviction cases; however, even its Civil Court Rules for service of the summons and complaint were not followed when the notice to quit and notice to terminate were supposedly served. The Court finds that service, if any, of the notices to vacate and notice of termination were not made according to Tribal law. Therefore, the Court cannot find that the Defendant is guilty of unlawful detainer.
In addition, the Defendant’s one-year lease is still in effect, until February 1, 2012. Further, the Defendant is unable to work, has no income and is limited in what she can pay for rent, although she has made several payments since signing the lease and has made arrangements to pay the arrearages and future rent. Based upon all of the above, the Court concludes that it cannot order eviction at this time.
However, this decision does not relieve the Defendant of her responsibility to pay her arrearages and rent in a timely manner in the future. If the Defendant fails in *323 her responsibilities under the lease, the LTBB Housing Department can file an Eviction and Unlawful Detainer action in the future.
Therefore, it is ORDERED that the Little Traverse Bay Bands of Odawa Indians Housing Department’s request that Carol King be evicted is DENIED.

. The Court notes that the complaint was unsigned by an agent of the Housing Department, but contained a computer generated signature.

. After having received at least seven (7) days notice of termination and notice to vacate the premises, the Tenant or occupier remains in possession of such property contrary to the terms of the notice as follows:
a. When such person has received notice: (i) that he or she is in default in the payment of ground or unit rent: and (ii) requiring him or her to either pay such rent or surrender possession of the occupied property and such person has not either surrendered possession of such property or paid the rent within the time provided in such notice: